UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

CORLAN ROMEL PHILLIPS    )
CUSTODIANSHIP,       )
              )
      Plaintiff,    )
              )
      v.     )  No. 4:22-cv-00096-SEB-KMB
              )
UNITED STATES TREASURY Secreatary )
Jane Yelley,        )
              )
      Defendant.  )

**ORDER DISMISSING COMPLAINT AS FRIVOLOUS AND DENYING
VARIOUS MOTIONS FILED BY THE PLAINTIFF**

Plaintiff Corlan Romel Phillips Custodianship, which is proceeding *pro se*, brought

this action against Defendant "United States Treasury Secreatary [sic] – Jane Yelley

[sic]," alleging that Plaintiff is entitled to a default judgment against the Defendant in the

amount of $670,000,000,000. While Plaintiff has paid the court's filing fee, we exercise

our discretion to screen the case under 28 U.S.C. § 1915(e)(2)(B). Because we ultimately

conclude that Plaintiff's Complaint is frivolous and therefore dismissal without prejudice

is appropriate, we also deny Plaintiff's two pending motions as moot.

**I. STANDARDS OF REVIEW**

In the Seventh Circuit, "district courts have the power to screen complaints filed by all

litigants, prisoners and non-prisoners alike, regardless of fee status." *Griffin v. Milwaukee

Cnty.*, 369 Fed. App'x 741, 743 (7th Cir. 2010) (citing *Hoskins v. Poelstra*, 320 F.3d 761,

763 (7th Cir. 2003). Under 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a case if we determine that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Pro se* complaints, such as Plaintiff's, are construed liberally, and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is factually frivolous when the facts alleged are "clearly baseless," *id.* at 327, which is "a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez,* 504 U.S. 25, 32−33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. "A claim is legally frivolous if it is 'based on an indisputably meritless legal theory.'" *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke*, 490 U.S. at 327−28). A complaint that is "wholly insubstantial and frivolous," either in law or in fact, or both, does not invoke our "subject-matter jurisdiction, *i.e.*, the court['s] statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this

Court, or otherwise completely devoid of merit as not to involve a federal controversy."

*Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974)).

### II.    SCREENING PLAINTIFF'S COMPLAINT

Here, Plaintiff alleges that Defendant owes Plaintiff $670 billion, and this debt is

based on: (1) another case filed by Plaintiff with this Court,[1] and (2) a registered

"obligation" pursuant to 39 U.S.C. § 2005, that was allegedly sent on August 2, 2021, to

the "obligor" (it is unclear who the obligor exactly is, but Plaintiff cites 39 U.S.C. §

2006C and 46 U.S.C. 53725 for this term), and the obligor never responded. Thus,

according to Plaintiff, "the obligor has defaulted in denying the obligation pursuant [sic]

to 46 USC 53721A." Docket No. 1, at 4. Plaintiff seeks a default judgment and an order

from this Court for $670 billion to be transferred to the Court's Court Registry Investment

System ("CRIS"). Plaintiff will then petition the Court to "distribute prinipal [sic]

amounts into aproved [sic] depositary institutions." *Id.* at 6.

The Court may properly consider documents attached to a complaint when assessing

whether a complaint sufficiently states a claim. *Williamson v. Curran*, 714 F.3d 432, 436

(7th Cir. 2013). Here, Plaintiff has attached the following documents to the Complaint:

    (1) a copy of an "Estoppel Letter" that was filed in Plaintiff's other case with this
        Court, which is addressed to "Jane Yelley" and requests the $670 billion
        balance be wired to a Wells Fargo bank account in the name of the United
        States Postal Service;

---

[1] In Plaintiff's other case, Chief Judge Pratt screened Plaintiff's Complaint, concluded that
dismissal was appropriate for failure to state a claim, and allowed Plaintiff twenty days by which
to show cause why judgment consistent with that dismissal entry should not issue. *See In Re
Corlan Romel Phillips Custodianship*, Case No. 4:21-00002, Docket No. 17, at 3−4 (S.D. Ind.
Nov. 2, 2022).

(2) a document entitled "Security Agreement" purporting to be an agreement between Phillips and the U.S. Treasury/Janet Yellen (although the document is only signed by the Plaintiff) for payment of $670 billion dollars to Phillips based on two letters from the Internal Revenue Service ("IRS") in 2013;

(3) the two letters from the Internal Revenue Service to Plaintiff in 2013 regarding the Employer Identification Numbers that Plaintiff appears to have requested;

(4) A Special Power of Attorney form in which "Corlan Romel Phillips" appointed "Corlan R. Phillips" as his attorney for the collection of checks drawn on the United States Treasury;

(5) Copies of five different newspaper articles, each referencing $670 billion in different (and unrelated) contexts; and

(6) An "Affidavit of Fact," in which he swore to the following: "Pursuant to Rule 705, Disclosing the Facts or Data Underlying an Expert of the Federal Rules of Evidence. There are disclosed public facts that a $670,000,000,000.00 is an accurate amount that has been reported publically [sic] by means of a bond to support the Cares Act PPP small business bailout, the United Arab Emirates projected pipeline revenue, and other global economical [sic] published research. Hence, the principal amounts that are displayed at the bottom of the Plaintiff's IRS Payment correspondences are factual."

Even giving this complaint liberal construction, this Court cannot discern within it any plausible claim. Instead, the Court finds that this complaint is frivolous in both law and fact. Plaintiff's Complaint is legally frivolous because it claims that Plaintiff sent Defendant an obligation under 39 U.S.C. § 2006, but this statute provides only for the United States Postal Service to require the Secretary of the Treasury to purchase obligations of the Postal Service. Thus, Defendant cannot be an obligor to Plaintiff under 39 U.S.C. § 2006C, nor under Plaintiff's other cited statute, 46 U.S.C. 53725, which allows the Secretary of Commerce or the Administrator of the Maritime Administration to take action against an obligor for default under a guaranteed obligation. There is

absolutely no legal basis for Plaintiff's claim; it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327−28. Plaintiff's action should also be dismissed it is factually frivolous, that is, because the "facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773 (7th Cir. 2002) (Tinder, J.).

### III.    PLAINTIFF'S PENDING MOTIONS

Since the filing of this Complaint, Plaintiff has filed numerous documents and motions with the Court, including three copies of the Magna Carta, a Motion to Disburse Funds as to Tract No. 78-044273 (where or what this tract refers to is utterly unclear), in which Plaintiff requests the sum of $550 billion as a credit for this tract, and a Motion for Court Assistance, in which Plaintiff requests Chief Judge Tanya Walton Pratt's support in "paying off some debt to acquire some nonreal property," and also her assistance with numerous attached IRS forms. Docket No. 14, at 1. Because we have already concluded that dismissal of Plaintiff's case is appropriate, we shall deny both these motions as moot, rather than wade into the apparent frivolity of either of these motions.

### IV.    CONCLUSION

Having screened Plaintiff's Complaint and determined that this action should be dismissed because it is so fanciful that it fails to engage the court's subject-matter jurisdiction, the Court **DISMISSES** the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) ("the court shall dismiss the case at any time if the court determine that . . . the action or appeal . . . is frivolous"). *See also Holland v. City of*

*Gary*, 503 Fed. App'x. 476, 477 (7th Cir. 2013) (affirming the dismissal of a complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)). Plaintiff's Motion to Disburse Funds [Docket No. 9] and Motion for Court Assistance [Docket No. 14] are both **DENIED** as moot. Judgment consistent with this entry shall issue accordingly.

IT IS SO ORDERED.

Date:    11/23/2022          _____
                                SARAH EVANS BARKER, JUDGE
                                United States District Court
                                Southern District of Indiana

Distribution:

CORLAN ROMEL PHILLIPS CUSTODIANSHIP
303 East Court Ave. #1065
Jeffersonville, IN 47131

6